STATE, HENRY P. SIMMONS, PROSECUTOR, v. CITY OF PASSAIC.

1. The character of a turnpike or plank road, as a street, when so used by the citizens of a city within which it lies, cannot be questioned by any persons except the owners of the franchise.

2. When a common council, with power to remove one commissioner, improperly removes three and re-appoints the two improperly removed, with an additional one, and the three proceed and make an assessment, it will not be affected by such improper removal of the two.

3. A was assessed one-third of the entire expense of a sidewalk grading, nearly all of which was done in front of the property of others, while he did nearly all his own grading. The assessment against him of the whole cost, in the proportion of his frontage to the entire frontage, set aside.

This writ brings up a special assessment upon the property of the prosecutor, for a part of the expense of grading the westerly side of Main avenue, known, at the time of the execution of the improvement, as the New York and Paterson plank road, within the limits of the city of Passaic. The reasons urged for the vacation of this assessment will appear in the opinion.

Argued at June Term, 1880, before Justices DIXON, REED and PARKER.

For the prosecutor, *H. K. Coddington.*

For the defendants, *J. E. Stoutenburgh.*

The opinion of the court was delivered by

REED, J.   The first reason why the prosecutor alleged this assessment should be vacated is, because no application was ever made for the improvement.   But at the time of the commencement of the present improvement, no application was necessary.   Charter of the city of Passaic, *Pamph. L.* 1873, *p.* 507.

The second reason is, that the land upon which the work was done, was not a street.

The point made is, that the power of assessment conferred by the charter is limited to work done upon a street, and that this work was done upon a road owned by a plank road company.

It appears to be true that Main street was the property of the plank road company.   It had, however, for years, been a principal business street of the city of Passaic.   I consider the law settled, in this state, to this effect—that the use, as a street,. by the citizens of a municipality within which it lies, of a turnpike or plank road, gives it the character of a street, to the degree that its existence as such cannot be questioned by any party other than the company which owns the turnpike or plank road.   *State* v. *Jersey City,* 5 *Dutcher* 441 ; *Jersey City* v. *State,* 1 *Vroom* 521 ; *State, Felix, pros.,* v. *Atlantic City,* 5 *Vroom* 99 ; *State* v. *New Brunswick,* 1 *Vroom* 395.

In the case of *State, Sigler, pros.,* v. *Fuller,* 5 *Vroom* 227, it appears from the opinion, on page 235, that the question here mooted was there raised, and squarely decided adversely to the views of the prosecutor in this case.

The third reason is, that after the commissioners to assess the costs had been appointed, the common council discharged them, and appointed other commissioners.

Common council had no right to remove the commissioners.   One of the commissioners (Mr. Gillen), during the pendency of the proceedings, married a daughter of the prosecutor, and so became disqualified for the position.

Common council possessed the power to fill the vacancy caused by his disqualification.   They removed all three of

the commissioners, and re-appointed two of them, with a new person in the place of Gillen.

These three proceeded to make the assessment. The removal was nugatory. The appointment in the place of Gillen was valid. But the three persons went on and made the assessment, in the same manner as they would had no order of removal been made, and the acts of the two first appointed are valid, under the original appointment, which has never been legally vacated.

The last matter which I shall consider involves the substance of several reasons, as they are assigned by the prosecutor.

The cost of the grading was $3194.68. This includes an item for planting shade-trees, amounting to $95.42, and the cost of a drain, amounting to $437.76.

I find nothing to support the assessment against the prosecutor for any portion of this expense.

Even if this work is of such a character that irregularity in the proceedings taken by the city could be held to be waived by laches, in not objecting before the execution of the work, yet the assessment as to the prosecutor cannot be sustained. The drain was obviously of no benefit to the lands of the prosecutor. It was made to benefit other land, known in the case as lot No. 10. Nor were the shade-trees of any benefit to him. They were not planted in front of his property, but were planted in a place where they could not have benefited his property, at least to the amount assessed against it.

Nor am I able to see my way clear to affirm the assessment against the prosecutor for the grading. The commissioners imposed upon him that proportion of the entire cost which his frontage bore to the entire frontage.

Now, a frontage assessment for sidewalks and incidental grading is not invalid. *State, Agens, pros., v. Newark,* 8 *Vroom* 415.

The expense of improving the sidewalk may be wholly charged upon the owners. But here the prosecutor did all

the work of grading excepting four hundred cubic yards, which was done by the city, at an expense of $68. An assessment for that amount would have been valid, upon the principle enunciated above. But the assessment was not so limited, but was imposed for the amount of $845.

Nor can the imposition of such a sum be supported upon the idea that this property was peculiarly benefited to this degree.

As we have observed, it was a frontage assessment. It is true that this fact alone does not necessarily invalidate it as an assessment for benefits. *State, Pudney, pros., v. Passaic,* 8 *Vroom* 65.

But I think all the circumstances in this case display the inequality of its application in this case. This was the grading of a sidewalk. All the cost of the work in front of each of the other properties could have been assessed upon each of them respectively. Now, it seems that it is also permissible to distribute the burden among these and other properties benefited, according to peculiar benefits. *State, Agens, pros., v. Newark, supra.* Nevertheless, it would require a peculiar location of properties to cause it to be said, with truth, that two properties were equally benefited by a sidewalk laid in front of one only. Still stronger would be the improbability of such a result where the owner had laid a sidewalk in front of his own premises, at his own expense.

Now, in this case, the prosecutor had done all the work of grading his own sidewalk, excepting a part, the cost of which was $68. All the remaining part of the work, amounting to over $3000, was done in front of other properties, yet the prosecutor is assessed for about one-third of the whole expense. His property is assessed as much per foot as the properties in front of which the bulk of the work was done.

If the city choose that the assessment stand for $68, they can enter a rule to that effect. If, however, they wish a re-assessment, upon the principle of peculiar benefits, this assessment, as to the prosecutor, must be vacated, with costs.